No. 22-2953

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

TWIN MED, LLC,

*Plaintiffs-Appellees,*

v.

SKYLINE HEALTHCARE, LLC, ET AL.,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Eastern District of Arkansas
No. 4:19-cv-00415-JM
Hon. James Moody

## PLAINTIFFS-APPELLANTS' OPENING BRIEF

Robert J. Fedor
ROBERT J. FEDOR, ESQ., LLC
23550 Center Ridge Road, Suite 107
Westlake, Ohio 44145
(440) 250-9709
rjfedor@fedortax.com

*Attorney for Defendants-Appellants*
*Skyline Healthcare, LLC, et al.*

**SUMMARY OF CASE AND STATEMENT REGARDING ARGUMENT**

Plaintiff-Appellee Twin Med, LLC was erroneously granted summary judgment in a breach of contract matter against Defendant-Appellants Skyline Healthcare, LLC, *et al*. where several genuine issues of material fact remained but were ultimately not considered by the District Court.

Oral argument of 15 minutes per side should be granted because of the unusual and complex procedural history and how it may have impacted the District Court's decision to mistakenly grant summary judgment.

i

## CORPORATE DISCLOSURE STATEMENT

Skyline Healthcare, LLC has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Searcy Holdings, LLC d/b/a Searcy Health and Rehab has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Lonoke Healthcare Center and Rehabilitation Facility, LLC d/b/a Grand Prairie Care and Rehabilitation has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Highlands of Little Rock West Markham, LLC d/b/a Highlands of Little Rock at Midtown Therapy and Living Center has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Midtown Therapy and Living Center; Broadway Health Holdings, LLC d/b/a Broadway Health and Rehabilitation has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Laurel Brook Healthcare & Rehabilitation Center, LLC has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Appellate Case: 22-2953     Page: 3     Date Filed: 11/17/2022 Entry ID: 5219097

Highlands of Little Rock South Cumberland Holdings, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Highlands of Mountain View SNF Holdings, LLC d/b/a Highlands of Mountain View Therapy and Living Center has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Magnolia Health Holdings, LLC d/b/a Magnolia Health and Rehab has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

White Hall Holdings, LLC d/b/a White Hall Health and Rehab has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Linrock Health Care and Rehabilitation Center LLC has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Batesville Holdings, LLC d/b/a Batesville Health and Rehab has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Appellate Case: 22-2953    Page: 4    Date Filed: 11/17/2022 Entry ID: 5219097

Heritage of Hot Springs Holdings, LLC d/b/a Heritage of Hot Springs has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Mine Creek Holdings, LLC d/b/a Mine Creek Health and Rehab has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Jonesboro Holdings, LLC d/b/a Jonesboro Health and Rehab has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Highlands of Fort Smith Holdings, LLC d/b/a Highlands of Fort Smith Therapy and Living Center has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Highlands of Stamps Holdings, LLC d/b/a Highlands of Stamps Therapy and Living Center has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Highlands of Rogers Dixieland Holdings, LLC d/b/a Highlands of Northwest Arkansas Therapy and Living Center has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Appellate Case: 22-2953    Page: 5    Date Filed: 11/17/2022 Entry ID: 5219097

Creekside Health Holdings, LLC d/b/a Creekside Health and Rehab has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Lindley Healthcare and Rehabilitation Center, LLC d/b/a Lindley Healthcare and Rehabilitation Center has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Crown Point Healthcare & Rehabilitation Center, LLC has no parent corporation and no publicly held company holds a 10 percent or greater ownership interest.

Date: November 4, 2022

ROBERT J. FEDOR, ESQ., LLC

*/s/ Robert J. Fedor*
Robert J. Fedor

*Attorney for Defendants-Appellants*
*Skyline Healthcare, LLC, et al.*

v

# TABLE OF CONTENTS

SUMMARY OF CASE AND STATEMENT REGARDING ARGUMENT .......... i

CORPORATE DISCLOSURE STATEMENT ...................................................... ii

TABLE OF AUTHORITIES ...................................................................... vii

JURISDICTIONAL STATEMENT ................................................................ - 1 -

STATEMENT OF THE ISSUES.................................................................... - 2 -

STATEMENT OF THE CASE........................................................................ - 2 -

    I.   Facts .................................................................................... - 2 -

    II.  Procedural History ............................................................ - 3 -

    III.  Rulings Presented for Review........................................... - 6 -

SUMMARY OF THE ARGUMENT .............................................................. - 7 -

ARGUMENT ............................................................................................ - 7 -

    I.   Standard of Review........................................................... - 7 -

    II.  The District Court Erred as a Matter of Law by Disregarding Genuine Issues of Material Facts and Granting Summary Judgment .............. - 8 -

        A.  Count I ...................................................................... - 9 -

        B.  Count II .................................................................... - 11 -

    III.  Alternatively, The District Court Erred as a Matter of Law by Granting Damages for Matters Outside of the Alleged Contract and Complaint . - 12 -

CONCLUSION .......................................................................................... - 14 -

CERTIFICATE OF COMPLAINT ................................................................ - 15 -

CERTIFICATE OF SERVICE ...................................................................... - 16 -

Appellate Case: 22-2953     Page: 7     Date Filed: 11/17/2022 Entry ID: 5219097

# TABLE OF AUTHORITIES

**Cases**

*Banks v. Deere*, 2016 WL 3769553 (8th Cir. 2016) .................................... - 8 -, - 9 -

*Doe v. Chapman*, 30 F.4th 766, 770 (8th Cir. 2022) .......................................- 12 -

*First Commercial Bank, N.A. v. Walker*, 333 Ark. 100, 969 S.W. 2d 146 (1998)- 12 -

*Myers v. Lutsen Mts. Corp.*, 587 F.3d 891, 892 8th Cir. 2009 .................... - 7 -, - 8 -

*Oasis West Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) ...........- 10 -

*Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 790-91 (8th Cir. 2009) ..............- 9 -

*Reynolds v. Rehabcare Group East, Inc.*, 591 F.3d 1030, 1032 (8th Cir. 2010)..- 7 -

*Thomas v. Cowin*, 483 F.3d 516, 527 (8th Cir. 2007) .........................................- 9 -

*Torgerson v. City of Rochester*, 64 F.3d 1031, 1042 (8th Cir. 2011)..................- 9 -

*Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016) .........................................- 9 -

**Statutes**

28 U.S.C. § 1291 ................................................................................................- 1 -

28 U.S.C. § 2107(a) ..........................................................................................- 1 -

**Rules**

Fed. R. App. P. 4(a) .........................................................................................- 1 -

Fed.R.Civ.P. 56(a)...........................................................................................- 8 -

Appellate Case: 22-2953    Page: 8    Date Filed: 11/17/2022 Entry ID: 5219097

## JURISDICTIONAL STATEMENT

On June 13, 2019, Plaintiff-Appellee Twin Med, LLC ("Twin Med") brought this action against Defendant-Appellants Skyline Healthcare, LLC, *et al.* (collectively "Skyline") for the recovery of damages incurred as a result of Skyline's alleged breach of contract and contract-guarantee. (App. 240-241 R. Doc. 116, at 3-4). There is complete diversity between the parties and the amount in controversy is in excess of $ 75,000. (App. 249 R. Doc. 116, at 12, ¶ 29). The District Court therefore has subject-matter jurisdiction in this action under 28 U.S.C. § 1332.

On April 27, 2022, the Court granted Twin Med's motion for summary judgment. (App. 521-526 R. Doc. 164). The Court later granted Twin Med's motion for attorney's fees and entered Judgment against Skyline on August 18, 2022. (App. 539-544 R. Doc. 188).

Skyline timely filed a notice of appeal on September 14, 2022. (App. 545-547 R. Doc. 191). The appeal was timely pursuant to 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a)(1)(A) and 4(a)(4)(A)(iv). This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1291.

Appellate Case: 22-2953     Page: 9     Date Filed: 11/17/2022 Entry ID: 5219097

## STATEMENT OF THE ISSUES

1.    Did the District Court erroneously grant summary judgment in favor of Plaintiff-Appellee Twin Med, LLC on Counts I and II of its Second Amended Complaint?

*Doe v. Chapman*, 30 F.4th 766, 770 (8th Cir. 2022); *Torgerson v. City of Rochester*, 64 F.3d 1031, 1042 (8th Cir. 2011)

2.    Alternatively, did the District Court erroneously grant damages for matters which were outside of the alleged Agreement and Complaint?

*Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016)

## STATEMENT OF THE CASE

### I.   Facts

Plaintiff-Appellee Twin Med, LLC ("Twin Med") is a supplier of disposable medical supplies. (App. 241 R. Doc. 116, at 4). Defendants-Appellants ("Skyline") were skilled nursing homes owned by Skyline Healthcare, LLC which is solely owned by Joseph Schwartz. (App. 242-249 R. Doc. 116, at 5-12, ¶¶ 5-28).

Sometime in late 2016 or early 2017, a relationship between Skyline and Twin Med began when Twin Med started selling disposable medical supplies to Skyline. (App. 249 R. Doc. 116, at 12, ¶ 31). It wasn't until on or about November 1, 2017, that Twin Med sought to memorialize this relationship into a written, exclusive agreement ("Agreement"). (App. 250 R. Doc. 116, at 12, ¶ 32).

- 2 -

However, Twin Med did not have Skyline's sole owner, Joseph Schwartz, sign the Agreement, but rather a third-party individual, Sam Rosenbaum, who claimed to be an agent of Skyline. (App. 250 R. Doc. 116, at 13, ¶ 34). Sam Rosenbaum was the sole owner of a separate company, Pro Procurement Services, LLC, that placed orders with Twin Med to supply Skyline's skilled nursing facilities with disposable medical supplies (App. 242 R. Doc. 116, at 5, ¶ 3).

Additionally, even though it was Joseph Schwartz's business practice to never sign a personal guarantee for any vendor, (App. 367 R. Doc. 159, at 86:1-10) Twin Med alleges that on an unknown date, Mr. Schwartz personally guaranteed the prompt full and complete payment of all unpaid, past due invoices, and any other liabilities relating, or arising out of the Agreement. (App. 052 R. Doc. 1, at 32). This personal guarantee was delivered to Twin Med by Sam Rosenbaum. (App. 167 R. Doc. 89-2, at 2). Twin Med never directly communicated with Mr. Schwartz regarding the Agreement, the personal guarantee, or any other matter until after this litigation was initiated. (App. 305-306 R. Doc. 159, at 25:2-6).

As a result, and due to the nonpayment of certain invoices covered by the Agreement, Twin Med brought this suit (App. 021-038 R. Doc. 21, at 1-18).

## II. PROCEDURAL HISTORY

On June 13, 2019, Twin Med filed its initial complaint in this matter. (App. 006 R. Doc. 1). Due to Twin Med's failure to assert facts alleging that the District

- 3 -

Court had subject-matter jurisdiction and personal jurisdiction to hear this matter, Skyline filed their initial motion to dismiss on August 20, 2019. (App. 008 R.; Doc. 38). While the District Court denied Skyline's motion to dismiss, it granted Twin Med leave to take jurisdictional discovery for the purpose of establishing subject matter jurisdiction and personal jurisdiction. (App. 009 R. Doc. 57). The District Court also granted Twin Med leave to file its first amended complaint. (App. 009 R. Doc. 57).

On December 14, 2020, Twin Med filed its First Amended Complaint. (App. 010 R. Doc. 71). In response, Skyline filed its second motion to dismiss on January 4, 2021, as Twin Med again had failed to adequately plead facts supporting subject-matter jurisdiction and personal jurisdiction. (App. 010 R. Doc. 77). Subsequently, and before the Court determined that it had jurisdiction to hear the case, Twin Med filed its motion for summary judgment on February 9, 2021. (App. 104-105 R. Doc. 89).

After the summary judgment filing, the District Court took no action on the outstanding question of its jurisdiction to hear the case. Seven (7) months later, on September 9, 2021, the case was reassigned to Judge James M. Moody Jr. after Judge Kristine R. Baker unilaterally recused herself to avoid the appearance of impropriety. (App. 013 R. Doc. 109).

- 4 -

On October 6, 2021, without an Order from the Court or request for leave, Twin Med filed its Second Amended Complaint. (App. 238-258 R. Doc. 116). A day later, the Court issued an Order finding Skyline's motion to dismiss moot due to the filing of Twin Med's Second Amended Complaint. (App. 013 R. Doc. 119).

On October 20, 2021, Skyline filed a third motion to dismiss Twin Med's Second Amended Complaint for its failure to adequately allege personal jurisdiction against certain Defendants-Appellants as well as its failure to allege fraud with particularity. (App. 013 R. Doc. 121). After briefing, the Court denied Skyline's motion to dismiss on January 12, 2022, and set a deadline for Skyline to respond to Twin Med's premature motion for summary judgment. (App. 014 R. Doc. 131).

Skyline filed their Answer to Twin Med's Second Amended Complaint on January 16, 2022. (App. 014 R. Doc. 132). Additionally, Skyline timely filed their response in opposition to Twin Med's motion for summary judgment on February 14, 2022. (App. 275-281 R. Doc. 133).

On March 18, 2022, the Court entered an order extending the discovery deadline "for the sole purpose of allowing [Twin Med] to depose Mr. Schwartz." (App. 016 R. Doc. 147). As a result of this extension, the Court also extended the deadline, until April 22, 2022, for the filing of dispositive motions. (App. 016 R. Doc. 151). On April 14, 2022, eight (8) days before the dispositive motion deadline

Appellate Case: 22-2953   Page: 13   Date Filed: 11/17/2022 Entry ID: 5219097

and only one (1) day after Mr. Schwartz sat for his deposition in this matter, the Court informed the parties, via email, that it would be granting summary judgment in favor of Twin Med. (App. 533-534 R. Doc. 172, at 2-3). In a responsive email, Skyline's counsel informed the Court that Mr. Schwartz's deposition had taken place the previous day and their motion for summary judgment would still be filed prior to the Court's extended deadline. (App. 533-534 R. Doc. 172, at 2-3).

Less than a week later, on April 20, 2022, Skyline filed the transcript of Mr. Schwartz's deposition, under seal. (App. 017 R. Doc. 159). And two (2) days later, Skyline timely filed their motion for summary judgment in this matter. (App. 425-429 R. Doc. 160). On April 27, 2022, this Court entered summary judgment in favor of Twin Med on Counts I and II of its Second Amended Complaint. (App. 521-526 R. Doc. 164).

On May 11, 2022, Twin Med filed its Motion for Attorneys' Fees and Costs and Interest. (App. 018 R. Doc. 171). On August 18, 2022, the Court granted Twin Med's motion for attorneys' fees, costs, and interest. (App. 539-543 R. Doc. 188). On that same date, the Court also entered judgment against Skyline. (App. 544 R. Doc. 189).

## III. RULINGS PRESENTED FOR REVIEW

On April 27, 2022, the District Court erroneously entered an Order granting summary judgment on Counts I and II of Plaintiff-Appellee's Second Amended

- 6 -

Complaint and dismissing the remaining counts as moot. (App. 521-526 R. Doc. 164). There remain genuine issues of material fact in this matter and summary judgment was not appropriate.

## SUMMARY OF THE ARGUMENT

The District Court erred, as a matter of law, by entering summary judgment on Counts I and II of Plaintiff-Appellees' Second Amended Complaint because it erroneously disregarded genuine issues of material facts. Alternatively, the District Court erred, as a matter of law, in its determination of damages due related to the alleged Agreement.

## ARGUMENT

### I. STANDARD OF REVIEW

A district court's granting of summary judgment under Rule 56 of the Federal Rules of Civil Procedure is reviewed *de novo*. *Reynolds v. Rehabcare Group East, Inc.*, 591 F.3d 1030, 1032 (8th Cir. 2010) (citing *Myers v. Lutsen Mts. Corp.*, 587 F.3d 891, 892 8th Cir. 2009)). "Summary Judgment is appropriate when the record, viewed in the light most favorable to the non-moving party is entitled to judgment as a matter of law." *Myers*, 587 F.3d at 892.

- 7 -

## II. THE DISTRICT COURT ERRED AS A MATTER OF LAW BY DISREGARDING GENUINE ISSUES OF MATERIAL FACTS AND GRANTING SUMMARY JUDGMENT

The District Court, erred as a matter of law, by entering summary judgment on Counts I and II of Plaintiff-Appellees Twin Med, LLC's ("Twin Med") Second Amended Complaint because it erroneously disregarded genuine issues of material fact. In its Order granting summary judgment, the Court failed to consider, cite, or discuss any of the facts brought forth by Mr. Schwartz's deposition or those presented in Defendants-Appellants' Motion for Summary Judgment, both of which provided substantial evidence that, at the very least, genuine issues of material fact remained with respect to Counts I and II of Twin Med's Second Amended Complaint.

Summary judgment is only proper "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Banks v. Deere*, 2016 WL 3769553, at *3 (8th Cir. 2016) (quoting Fed.R.Civ.P. 56(a)). The critical question is whether "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party ...." *Id*. (citing *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011)).

Once the moving party establishes a prima facie entitlement to summary judgment, the nonmoving party must "substantiate [its] allegations with sufficient probative evidence." *Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016) (quoting *Reed v. City of St. Charles, Mo*., 561 F.3d 788, 790-91 (8th Cir. 2009)). "Mere

- 8 -

allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Banks*, 2016 WL 3769553, at 4* (quoting *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007)).

### A. <u>Count I</u>

Under the terms of the General Provisions of the Medical Supply Agreement Section 7.1, California Law shall control. (App. 050 R. Doc. 1, at 30). As such, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance of excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis West Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011).

Twin Med's assertion of a breach of contract claim is based on the incorrect allegation that Mr. Rosenbaum, the individual whom it alleges negotiated and signed the Medical Supply Agreement, was an agent of both Skyline Healthcare, LLC and Mr. Schwartz. (App. 250 R. Doc. 116, at 13, ¶ 34). Mr. Rosenbaum was not an employee of Skyline Healthcare, LLC and had no authority to bind it. (App. 356 R. Doc. 159, at 75:2-7; App. 360 R. Doc. 159, at 79:18-23; App. 361 R. Doc. 159, at 80:12-16; App. 363 R. Doc. 159, at 82:9-18) In fact, Mr. Rosenbaum was the owner of a separate entity which was also a separate defendant in this matter, Pro Procurement Services, LLC that provided services for nursing homes by

- 9 -

purchasing and monitoring the supplies. (App. 354 R. Doc. 159, at 73:1-16; App. 242 R. Doc. 116, at 5, ¶ 3). As the owner of a separate company specializing in the purchasing and monitoring of supplies, it would have been unreasonable for Twin Med to believe that Mr. Rosenbaum was an employee of Skyline Healthcare, LLC or that he had the authority to bind Skyline Healthcare, LLC without requesting confirmation from either Skyline Healthcare, LLC or Mr. Schwartz. At the least, this is an issue of fact that should be been addressed by the District Court.

However, in its Order granting summary judgment, the District Court did not consider these genuine issues of material fact. (App. 521-526 R. Doc. 164). The lower Court had already come to a determination on this matter, and informed the parties about it, the day after the close of discovery and before Skyline had the opportunity to present these facts and their arguments to the District Court in their summary judgment motion. (App. 533-534 R. Doc. 172, at 2-3). Instead of reserving judgment on this matter and permitting each party to present the facts, the District Court ignored Mr. Schwartz's deposition transcript and any further pleadings filed by Skyline and only relied upon the allegations brought forth by Twin Med which were in the form of self-serving affidavits. (App. 521-526 R. Doc. 164). Procedurally, this should be adequate reason for reversal of the judgment alone.

- 10 -

If it had been considered, the facts set forth by Skyline, when viewed in a light most favorable to the nonmoving party, created a genuine issue of material fact for trial. Therefore, this Court should reverse the District Court's decision to grant summary judgment in favor of Twin Med on Count I of its Second Amended Complaint and remand same for trial of this matter.

## B. <u>Count II</u>

A guarantor is one who makes a contract, which is distinct from the principal obligations to be collaterally liable to the creditor if the principal debtor fails to perform. *First Commercial Bank, N.A. v. Walker*, 333 Ark. 100, 969 S.W. 2d 146 (1998). Here, Mr. Schwartz never signed as the guarantor as alleged in Twin Med's Second Amended Complaint and which was held by the District Court. Furthermore, Mr. Schwartz testified at his deposition that he did not sign the guarantee as it was a practice of his to never sign a personal guarantee for any vendors. (App. 367 R. Doc. 159, at 86:1-10; App. 368 R. Doc. 159, at 87:21-24). Historically, he has never signed a personal guarantee for any vendor. (App. 367 R. Doc. 159, at 86:1-10; App. 368 R. Doc. 159, at 87:21-24).

Here, the District Court erroneously concluded that "[a]ny lack of memory on Schwartz's part does not, alone, create a genuine dispute of material fact." (App. 525 R. Doc. 164, at 5). However, this finding of the District Court ignores Mr. Schwartz's actual testimony. While the lack of memory alone is not enough to

Appellate Case: 22-2953    Page: 19    Date Filed: 11/17/2022 Entry ID: 5219097

create a genuine issue of material fact, this Circuit has held that testimony of a lack of memory combined with habit evidence is enough to defeat summary judgment. *See Doe v. Chapman*, 30 F.4th 766, 770 (8th Cir. 2022). Here, Mr. Schwartz specifically testified during his deposition that it was his practice to never sign a personal guarantee for any vendor. (App. 367 R. Doc. 159, at 86:1-10; App. 368 R. Doc. 159, at 87:21-24) As such, Mr. Schwartz's habit of never signing a personal guarantee for any vendor created a genuine issue of material fact for trial. Therefore, this Court should reverse the District Court's decision to grant summary judgment in favor of Plaintiff-Appellee on Count II of its Second Amended Complaint.

## III. ALTERNATIVELY, THE DISTRICT COURT ERRED AS A MATTER OF LAW BY GRANTING DAMAGES FOR MATTERS OUTSIDE OF THE ALLEGED CONTRACT AND COMPLAINT

Twin Med erroneously sought, and the District Court granted, damages in this matter which exceeded the bounds of the alleged Medical Supply Agreement. (App. 521-526 R. Doc. 164). On the face of its Second Amended Complaint, Twin Med alleges that medical supplies were provided to Skyline between May 2017 and January 2019; however, the Medical Supply Agreement was dated November 24, 2017. (App. 250 R. Doc. 116, at 13, ¶ 32; App. 051 R. Doc. 1, at 31). Skyline provided the District Court with specific examples of Twin Med's invoices dated prior to Mr. Rosenbaum's November 24, 2017 execution of the Medical Supply

- 12 -

Agreement, but the District Court ultimately ignored this evidence and instead relied upon the self-serving affidavit of Twin Med's Executive Chairman Steve Rechnitz to determine damages. (App. 430-505 R. Doc. 160-1, at 38-80 and 104-136; App. 521-526 R. Doc. 164). Accordingly, the District Court erroneously granted Twin Med damages under its claim for breach of contract for supplies which were allegedly delivered six (6) months before the agreement was executed.

Additionally, the District Court granted Twin Med damages on its breach of contract claim (and its personal guarantee claim) related to facilities around the country which were not named as defendants in its Second Amended Complaint and for which there could be no claims against the Defendant partiers in this action. (App. 430-505 R. Doc. 160-1, at 38-80 and 104-136). Only facilities in Arkansas were named as defendants herein. (App. 238-249 R. Doc. 116). Invoices related to facilities located in Nebraska, Kansas, South Dakota, Kentucky, New Jersey, etc. should not have been considered by the lower Court in its determination of granting judgment or damages herein. Accordingly, the District Court acted erroneously when it granted damages to Twin Med which were outside the four (4) corners of the Complaint. Therefore, this Court, in the alternative, should reverse the District Court's determination of damages and instruct it to hold an evidentiary hearing to determine proper damages.

- 13 -

# CONCLUSION

The judgment of the District Court should be reversed, and the District Court should be ordered to deny Plaintiff-Appellee Twin Med, LLC's motion for summary judgment on Counts I and II of its Second Amended Complaint. Additionally, this honorable Court should find that the District Court erred as a matter of law and affirmatively find that a genuine issue of material fact remains for trial on Counts I and II of its Second Amended Complaint.

Alternatively, the District Court should be instructed that its calculation of damages was clearly erroneous, and an evidentiary hearing should be held to determine proper damages.

Date: November 4, 2022

ROBERT J. FEDOR, ESQ., LLC

*/s/ Robert J. Fedor*
Robert J. Fedor

*Attorney for Appellants*
*Joseph Schwartz, et al.*

- 14 -

## CERTIFICATE OF COMPLAINT

Under Federal Rule of Appellate Procedure 32(a)(7)(B), I hereby certify that the foregoing brief of Defendants-Appellants complies with (1) the typeface requirements of Federal Rule of Appellate Procedure 2(a)(5)(A) because it was written in Times New Roman, 14-point font and (2) the type-volume limitations contained in Federal Rule of Appellate Procedure 32(a)(7)(B)(i), because it contained 2732 words, excluding those parts of the brief excluded from the word count under Federal Rule of Appellate Procedure 32(f).

ROBERT J. FEDOR, ESQ., LLC

*/s/ Robert J. Fedor*
Robert J. Fedor

*Attorney for Defendants-Appellants*
*Skyline Healthcare, LLC, et al.*

- 15 -

# CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECG system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

ROBERT J. FEDOR, ESQ., LLC

*/s/ Robert J. Fedor*
Robert J. Fedor

*Attorney for Defendants-Appellants*
*Skyline Healthcare, LLC, et al.*

- 16 -